UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSNIEL MACIA SANTOS, (A#244-530-438), | No.  1:26-cv-02754-DC-SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Factual and Procedural History**

Petitioner is a native of Cuba who entered the United States on May 12, 2024 by using the CBP One App.  ECF No. 5-1 at 2-3.  He was detained by Immigration and Customs Enforcement ("ICE") on the same day and served with a Notice to Appear ("NTA") charging him with being inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act.  ECF No. 5-1 at 3.  Petitioner was then released on parole.  ECF No. 5-1 at 3.  On February 25, 2026, petitioner was arrested in Las Vegas on a domestic battery charge which is a misdemeanor under

1

Nevada law.  Id.  Petitioner entered a no contest plea to violating Nevada Revised Statute 200.485.1a, domestic battery as a first offense.  ECF No. 5-2.  The adjudication of the offense was deferred based on various terms and conditions.  ECF No. 5-2.  He was transferred from criminal detention into ICE custody on March 4, 2026.  ECF No. 5-1 at 2-3; ECF No. 5-2.  He is currently detained at the Golden State Annex located in this judicial district.  ECF No. 1.

In his pro se § 2241 application, petitioner contends that his detention violates the Fifth Amendment Due Process Clause.  ECF No. 1 at 16.  He requests his immediate release or, in the alternative, a bond hearing.  ECF No. 1 at 17.

Respondent contends that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) until the conclusion of his removal proceedings.  ECF No. 5 at 1-2.

In this case, no neutral decisionmaker has determined that petitioner constitutes a danger to the community or a flight risk based on his recent arrest and conviction that would justify his detention in immigration custody.  Respondent has taken the position that no such hearing is required.  The question in this case, as in many others that have come before this Court, is whether petitioner's re-detention without a pre-deprivation hearing violated his Fifth Amendment right to due process.

**II.    Analysis**

Petitioner is a noncitizen who was released on parole into the United States.  As a person inside the United States, petitioner is entitled to the protections of the Due Process Clause.  See Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In determining whether petitioner has a protected liberty interest, the Supreme Court has

2

repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (finding a parolee had an interest in his continued liberty); Young v. Harper, 520 U.S. 143, 150 (1997) (applying Morrissey to pre-parole release from prison); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (finding probationers have a liberty interest). Therefore, the undersigned finds that petitioner acquired a liberty interest in his continued freedom based on ICE's decision to release him on parole. See Singh v. Chestnut, No. 1:26-cv-01400-DC-CSK (HC), 2026 WL 498335, at *1 (E.D. Cal. Feb. 23, 2026); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim); Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025).

Next, the court applies Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976), to determine what process is due to petitioner based on his protected liberty interest. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

As to the first factor, there is no doubt that petitioner has a substantial private interest in remaining free from custody. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. It appears from the record that petitioner remained at liberty in the community for over a year and nine months after being released on parole. Based on this span of time in which petitioner has been at liberty, the undersigned finds that the first Mathews factor tilts in petitioner's favor.

Next, the risk of erroneous deprivation is considerable in this case. Petitioner was previously released from immigration detention on parole. There is no evidence in the record nor argument from respondent demonstrating any urgency to protect the public or prevent petitioner's imminent flight based on his misdemeanor arrest and conviction. Therefore, the undersigned

3

concludes that the risk of an erroneous deprivation of liberty here is considerable where no hearing has been provided to petitioner to allow a neutral arbiter to determine whether he constitutes a danger or flight risk. See Guillermo M. R. v. Kaiser, 791 F.Supp.3d 1021, 1035 (N.D. Cal. July 17, 2025) ("allowing a neutral arbiter to review [these] facts would significantly reduce the risk of erroneous deprivation."). Thus, the second Mathews factor tilts in petitioner's favor.

The third factor in the court's analysis is the government's interest including any fiscal or administrative burden that would result from additional process. Although the government has a strong interest in enforcing immigration regulations, the effort and cost required to provide petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017); see also R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025) ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up). "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

Having weighed the above Mathews factors, the undersigned concludes that petitioner had a Fifth Amendment due process right to a pre-deprivation hearing before he was re-detained. See J.L.R.P. v. Wofford, No. 1:25-cv-01464-KES-SKO (HC), 2025 WL 3190589, at *9-10 (E.D. Cal. Nov. 14, 2025); Huang v. Albarran, No. 1:25-cv-01308-JLT-EPG, 2026 WL 279888 (E.D. Cal. Feb. 3, 2026) (granting motion to reconsider and motion for a preliminary injunction finding that petitioner is likely to succeed on the merits of a due process challenge to his redetention without a pre-deprivation hearing after being released on OSUP); Alva v. Kaiser, No. 25-cv-06676-RFL, 2025 WL 2419262, *4-6 (N.D. Cal. Aug. 21, 2025) (granting preliminary injunction based on

4

petitioner's likelihood of success on due process claim that he was entitled to a pre-deprivation hearing before an immigration judge prior to his redetention).  While petitioner's post-release arrest may constitute materially changed circumstances "that would warrant detention … due process requires that assertion be tested at a hearing that meets constitutional requirements." Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914, at *2 (E.D. Cal. Dec. 8, 2025).  The undersigned finds that the remedy for the Constitutional violation in this case is petitioner's immediate release from immigration detention.  See Arzate v. Andrews, No. 1:25-cv-00942-KES-SKO (HC), 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025), converted to preliminary injunction sub nom, 2025 WL 2411010, at *1 (E.D. Cal. Aug. 20, 2025) (ordering immediate release for non-citizen who was redetained absent a pre-deprivation hearing despite a misdemeanor arrest while in the ATD program).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2.  Respondent be ordered to immediately release petitioner Osniel Macia Santos (A#244-530-438) based on the same conditions he was subject to immediately prior to his detention on March 4, 2026.  Respondent shall not impose any additional restrictions on him unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.  If the government seeks to re-detain petitioner, it must provide no less than seven (7) days notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.

4.  The Clerk of Court be directed to serve the Golden State Annex with a copy of any order of release issued in this case.

5.  The final order entered in this case not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

6.  The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after

5

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE